| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 / REMAND |
| Case No. | **CV 22-6761-DMG (MARx)** | Date  April 13, 2023 |
| Title | *Chen Fang v. CMB Export Infrastructure Group 48, L.P., et al.* | Page  1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [11] [12]**

Before the Court are Plaintiffs Chen Fang and Yu Lin's motion to remand, and Defendants CMB Export Infrastructure Group 48, LP ("CMB Group 48"), CMB Export LLC ("CMB Export"), N.K. Immigration Services LLC ("NK"), and Patrick Hogan's motion to dismiss. [Doc. ## 11 ("MTR"), 12 ("MTD").]. The motions are fully briefed, although Plaintiffs did not file a Reply in support of their MTR. [Doc. ## 13, 15 ("MTR Opp."), 16.]

For the reasons discussed below, the Court **GRANTS** Plaintiffs' motion to remand. Since the Court has determined it does not have jurisdiction over this action, Defendants' motion to dismiss is **DENIED as moot**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**

On June 29, 2015, Fang entered into a Limited Partnership Agreement ("LPA") with CMB Export and NK.  Ntc. Of Removal, Ex. 1 (Compl.) at 11 ¶¶ 10 [Doc. # 1-1].[1]  The LPA's purpose was to allow foreign nationals who invested at least $500,000 as limited partners to apply for permanent residency in the United States under the EB-5 Immigrant Investor Program. *Id.* ¶¶ 11–12.  In May 2022, Fang's spouse, Yu Lin, became a permanent resident without receiving an EB-5 visa.  *Id.* ¶ 13.  Fang contends he also adjusted status to register permanent residency by virtue of work, without an EB-5 visa.  MTD Opp. at 5.  Since Plaintiffs no longer needed the EB-5 visa, they requested that Defendants refund their $550,000 investment in CMB Group 48.  Compl. at 11 ¶ 14.  Defendants denied Plaintiffs' request in June and July 2022.  *Id.* ¶ 15.

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.  In this document, the original state court complaint is located at pages 9–15.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6761-DMG (MARx) | Date | April 13, 2023 |
| Title | *Chen Fang v. CMB Export Infrastructure Group 48, L.P., et al.* | Page | 2 of 6 |

On August 10, 2022, Fang and Lin filed a Complaint in Los Angeles County Superior Court against all Defendants and Does 1-10, to rescind the executed LPA. *See* Compl. The Complaint alleges claims for (1) recission for frustration of purpose; (2) breach of implied covenant of good faith and fair dealing; and (3) unjust enrichment. *Id*.

On September 20, 2022, Defendants timely removed the action to this Court, asserting that this Court has diversity jurisdiction under 28 U.S.C. sections 1332, 1441, and 1446. Ntc. of Removal at 3 [Doc. # 1]. On October 18, 2022, Plaintiffs filed a motion to remand the case to state court, arguing that Group 48's presence in this action destroys diversity jurisdiction. MTR at 13. Three days later, Defendants filed a motion to dismiss the Complaint for Lin's lack of standing and both Plaintiffs' failure to state a claim.[2] MTD at 2–3.

On November 17, 2022, the Court took the matters under submission, deeming them appropriate for decision without oral argument. [Doc. # 17.]

## II.
## LEGAL STANDARD

A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

A federal court has diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). For diversity purposes, a corporation is deemed to be a citizen of both the state in which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

---

[2] The Motion is styled as a Rule 12(b)(6) motion, but since it attacks Lin's standing, which is a jurisdictional issue, the Court would analyze that part of its argument under the Rule 12(b)(1) standard. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing.") (internal quotation omitted).

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-6761-DMG (MARx) | Date | April 13, 2023 |
| Title | *Chen Fang v. CMB Export Infrastructure Group 48, L.P., et al.* | Page | 3 of 6 |

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*) (internal quotation marks omitted)).

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity: every plaintiff must be diverse from every defendant. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). The Ninth Circuit has recognized an exception to the complete diversity requirement in the doctrine of fraudulent joinder. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

### III.
### DISCUSSION

Since Group 48 is a forum defendant, removal was not proper unless the Court determines it was fraudulently joined.[3] *See* 28 U.S.C. §§ 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."), 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action."); *United Comput. Sys. v. At&T Info. Sys.*, 298 F.3d 756, 762 (9th Cir. 2002) (the "rule of unanimity" in removal does not apply to "nominal, unknown or fraudulently joined parties") (citation omitted).

Defendants have the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "The defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant" and that "plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also*

---

[3] The parties do not dispute that Group 48 had been joined and served at the time of removal. *See* Ntc. of Removal at 2; 28 U.S.C. § 1446(b)(2)(A).

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6761-DMG (MARx) | Date | April 13, 2023 |
|---|---|---|---|
| Title | *Chen Fang v. CMB Export Infrastructure Group 48, L.P., et al.* | Page | 4 of 6 |

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (same). "Furthermore, all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand, and a lack of clear precedent does not render the joinder fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (internal quotation and citations omitted).

The propriety of removal in this case "hinges on whether Plaintiffs have alleged any viable claims against" Group 48. MTR Opp. at 2. Plaintiffs' MTR focuses on whether Group 48 is a proper defendant to their unjust enrichment claim, so the Court will begin its analysis there. Since the parties do not agree on whether California law or Delaware law should apply, the Court will discuss Plaintiffs' unjust enrichment claim against Group 48 under the laws of both states.[4] *See* Compl. ¶¶ 16–41; Ntc. of Removal at 7; *id.*, Ex. A (LPA) at 72 [Doc. # 1-1].[5]

**A.    California Law**

To allege unjust enrichment as an independent cause of action under California law, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense. *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038–39 (9th Cir. 2016) (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)).

Although California courts do not recognize a cause of action for unjust enrichment, courts considering dismissal on such grounds often construe the unjust enrichment cause of action as a quasi-contract claim that seeks restitution and then determine the merits of such a claim. *See Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) (quoting *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004)). In fact, courts permit the inconsistent pleading of a contractual claim and one for restitution so long as the plaintiff does not secure a double recovery. *Id.*

Under this standard, Plaintiffs have stated a claim against Group 48. Their Complaint alleges that it transmitted $550,000 to Group 48 in July 2015, which "retained the benefits of the funds." Compl. ¶¶ 11, 14–15; MTR at 12. Specifically, Group 48 benefitted from the loan

---

[4] Ordinarily, the Court would undertake the choice of law analysis consistent with *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459 (1992), to determine which state's law applies. Here, the parties did not brief several complex auxiliary issues that would necessarily flow from that analysis, so the Court analyzes the claim under the law of both states and reaches the same conclusion under each.

[5] The full LPA is located at pages 17–84 of this document.

UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-6761-DMG (MARx) | Date | April 13, 2023 |
|---|---|---|---|
| Title | *Chen Fang v. CMB Export Infrastructure Group 48, L.P., et al.* | Page | 5 of 6 |

original fee, interest, and share of profit with the borrower of the loan.  Compl. ¶¶ 37–38.  Since Plaintiffs' consideration "failed completely," Compl. ¶ 22, there is no justification for Defendants to be enriched for any amount of money at Plaintiffs' expense, *id.* ¶ 39.

**B.   Delaware Law**

Delaware law contains a more stringent test for plaintiffs seeking to bring an unjust enrichment claim.  *See Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010) (The elements of a claim for unjust enrichment under Delaware law are: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law.").  Elements 1–4 substantially mirror the elements of unfair enrichment under California law, so the Court incorporates its analysis above, *see supra* Part III.A, to determine that Plaintiffs have satisfied those elements.[6]

The final element, the absence of a remedy provided by law, is a closer call.  It is "blackletter law that only a party to a contract may be sued for breach of that contract," so Plaintiffs cannot sustain a contract claim as a legal remedy against Group 48.  MTR Opp. at 4 n.1 (citing, *inter alia*, *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002) (parentheticals omitted)).

Since Plaintiffs cannot sue Group 48 for breach of contract, the question becomes whether Plaintiffs' legal remedies against CMB Export and NK are adequate under Delaware law to disprove the fifth element of an unjust enrichment claim.  According to Defendants, "Ninth Circuit precedent is clear that a plaintiff cannot sue a non-party to a contract on a claim for unjust enrichment where the plaintiff has potential legal claims against the parties to the contract."  MTR Opp. at 5 (citing *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093–94 (9th Cir. 2003) (applying Delaware law)).

Although there is "ample support" for this principle under Delaware law, *McKesson* acknowledges that "the cases on this issue are not entirely in harmony."  339 F.3d at 1094 (listing cases).  It also cites other Ninth Circuit precedent holding that "[e]quitable relief should not be denied . . . unless the available legal remedy *is against the same person from whom equitable relief is sought.*"  *Id.* (citing *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996)) (emphasis added).

---

[6] Defendants do not dispute that Plaintiffs have satisfied elements 1–4.  MTR Opp. at 5.

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 22-6761-DMG (MARx)** | Date | April 13, 2023 |
| Title | ***Chen Fang v. CMB Export Infrastructure Group 48, L.P., et al.*** | Page | 6 of 6 |

      Moreover, Plaintiffs' claim for "rescission for frustration of purpose" could result in a finding that the contract must be rescinded, meaning that Plaintiffs may not be able to recover damages for breach of contract after all. In *McKesson*, there was no viable rescission claim, so the opinion does not address the impact of such a claim on its holding. 339 F.3d at 1096 (noting that rescission would be "nearly impossible" and that plaintiff essentially abandoned the claim at oral argument). Delaware courts acknowledge that the remedy of rescission is available only after a fact-specific inquiry and routinely decline to resolve the issue at the pleadings stage. *See, e.g.*, *Crescent/March I Partners, L.P. V. Turner*, 846 A.2d 963, 991 (Del. 2000) (declining to address availability of rescission remedy because that determination is "premature without an established evidentiary record"); *ENI Holdings, LLC v. KBR Grp. Holdings, LLC*, 2013 WL 6186326, at *24 (Del. Ch. Nov. 27, 2013) (declining to address rescission remedy because "such an inquiry is fact specific"); *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, 2014 WL 6703980, at *29 (Del. Ch. Nov. 26, 2014) (same).

      In other words, Defendants cannot demonstrate that Plaintiffs have not stated a claim against Group 48 under Delaware law. On a motion to remand, this Court must resolve all disputed questions of fact and any ambiguities of law in favor of the non-removing party. *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1194 (N.D. Cal. 2013) (citing *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."). It is at least plausible that Plaintiffs could eventually show the absence of a remedy provided by law to state a claim for unjust enrichment. *Cf. Nemec*, 991 A.2d at 1130.

      Accordingly, under either California or Delaware law, Defendants have not met their high burden to establish that Group 48 is fraudulently joined by clear and convincing evidence. *See* 28 U.S.C. § 1441(b)(2).

### IV.
### CONCLUSION

      In light of the foregoing, Plaintiffs' motion to remand for lack of subject matter jurisdiction is **GRANTED** and Defendants' motion to dismiss is **DENIED as moot**, without prejudice to refiling a demurrer in state court.

**IT IS SO ORDERED**.